D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

J & J SPORTS PRODUCTIONS, INC.,

                         Plaintiff,

-against-

CRAZY WILLY'S BAR, LOUNGE & RESTAURANT,
INC., d/b/a CRAZY WILLY'S; GILDALINA GARCIA;
and KATHLEEN D. JIMOH,

                        Defendants.
-------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**17-CV-1192 (NGG) (RML)**

NICHOLAS G. GARAUFIS, United States District Judge.

    Plaintiff J & J Sports Productions, Inc., initiated this action on March 2, 2017, asserting claims under Sections 553 and 605 of the Communications Act of 1934 (the "Act"), 47 U.S.C. §§ 553, 605, against Defendants Crazy Willy's Bar, Lounge & Restaurant, Inc. (the "Defendant Establishment" or "Crazy Willy's"), and Gildalina Garcia and Kathleen D. Jimoh (the "Individual Defendants"). (Compl. (Dkt. 1).) Defendants have not appeared in this action and have failed to answer or otherwise respond to the complaint.

    Before the court is Plaintiff's motion for default judgment (Mot. for Default J. ("Mot.") (Dkt. 16)), which the undersigned referred to Magistrate Judge Robert M. Levy for a report and recommendation ("R&R"). (Feb. 23, 2018, Order Referring Mot.) On June 28, 2018, Judge Levy issued an R&R in which he recommended that the court (1) grant the motion as to the Defendant Establishment but deny it as to the Individual Defendants; (2) award Plaintiff $3252.50 in damages and costs; and (3) deny Plaintiff's request for pre-judgment interest. (See R&R (Dkt. 22).) Plaintiff timely objected to the R&R, arguing that the court should reject (1) the R&R's findings as to liability for the Individual Defendants, and (2) the R&R's calculation of

1

statutory and enhanced damages. (See Pl. Objs. (Dkt. 23).) Defendants have not responded to Plaintiff's objections and the time to do so has passed. For the following reasons, the court OVERRULES Plaintiff's objections, ADOPTS IN FULL the R&R, and accordingly GRANTS IN PART and DENIES IN PART Plaintiff's motion for default judgment.

I. BACKGROUND

A. Factual Allegations

Because Defendants have defaulted, the court "is required to accept all of [Plaintiff's] factual allegations as true and draw all reasonable inferences in [Plaintiff's] favor." Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009); see Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 187-88 (2d Cir. 2015).

Plaintiff entered into a closed-circuit television license agreement whereby Plaintiff received exclusive rights to exhibit and sublicense the March 8, 2014, Light Middleweight Championship Fight Program between Saul Alvarez and Alfred Angulo, including undercard and preliminary bouts (collectively, the "Event"). (Compl. ¶ 7.) The transmission of the Event was electronically coded such that it could only be received using special decoding equipment. (Id. ¶ 12.) Establishments that contracted with Plaintiff—or with Plaintiff's sublicensee, G & G Closed Circuit Events, Inc.—were entitled to televise the Event, and were provided with the necessary decoding equipment. (Id. ¶¶ 13-14.)

The Defendant Establishment is a corporation organized under the laws of New York and operating in Richmond Hill, New York, with the Individual Defendants as its "officers, directors, shareholders, and/or principals." (Id. ¶ 5.) Defendants never contracted with Plaintiff to screen the Event. (Id. ¶ 13.) Nonetheless, on March 8, 2014, Defendants intercepted the interstate communication of the Event and screened it within the Defendant Establishment. (Id. ¶ 15.) An

2

auditor observed that approximately 25 patrons were present in the Defendant Establishment during the screening of the Event. (Audit Report of Savendra Dev Somdat (Dkt. 17-2).)

B.     **Procedural History**

Plaintiff filed its complaint in this court on March 2, 2017 (Compl.), and service was properly executed on each defendant (Summons (Dkt. 6); Summons (Dkt. 7); Summons (Dkt. 8)). Defendants failed to appear or answer. On June 5, 2017, the Clerk of Court entered a certificate of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Clerk's Entry of Default (Dkt. 14).) Plaintiff moved for default judgment on February 23, 2018, seeking an order of default judgment awarding statutory damages, enhanced damages, and litigation costs (exclusive of attorney's fees). (See Mot.; Mem. in Supp. of Mot. ("Mem.") (Dkt. 18).) The undersigned referred Plaintiff's motion to Judge Levy for an R&R. (Feb. 23, 2018, Order Referring Mot.)

On June 28, 2018, Judge Levy issued an R&R granting in part and denying in part Plaintiff's motion. (See R&R.) First, as to the question of liability, Judge Levy recommended the court hold the Defendant Establishment liable under the Act but found that liability as to the Individual Defendants had not been established. (See id. at 5-7.) Second, as to the question of damages, Judge Levy recommended awarding Plaintiff $3252.50, consisting of $1373.75 in statutory damages, $1373.75 in enhanced damages, and $505 in costs and disbursements. (See id. at 7-9.) Judge Levy also found that it would be inappropriate to award Plaintiff pre-judgment interest. (See id. at 9-10.)

Plaintiff timely objected to the R&R. (See Pl. Objs.) First, Plaintiff agrees with the R&R that the Defendant Establishment can be held liable under the Act, but argues that the R&R was wrong to recommend denial of the motion for default judgment as to the Individual Defendants.

3

(Id. at 2-7.) Second, Plaintiff disagrees with the R&R's method for calculating damages, arguing that Plaintiff should instead receive $2573.75 in statutory damages and at least $5147.50 in enhanced damages.[1] (Id. at 7-9; see Mem. at 13, 17.) Defendants, as they have not appeared in this action, did not file a response to Plaintiff's objections, and the time to do so has passed.

## II. LEGAL STANDARD

In reviewing an R&R from a magistrate judge regarding a dispositive motion, the district court "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." Romero v. Bestcare Inc., No. 15-CV-7397 (JS), 2017 WL 1180518, at *2 (E.D.N.Y. Mar. 29, 2017) (internal citation omitted); see Impala v. U.S. Dep't of Justice, 670 F. App'x 32, 32 (2d Cir. 2016) (summary order) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision . . . ." (internal citation omitted)); Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010) ("Where no objection to the [R&R] has been filed, the district court need only satisfy itself that there is no clear error on the face of the record." (internal quotation marks and citation omitted)). "A decision is 'clearly erroneous' when the Court is, 'upon review of the entire record, left with the definite and firm conviction that a mistake has been committed.'" DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339-40 (S.D.N.Y. 2009) (quoting United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006)).

The district court must review de novo "those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); see Fed. R. Civ. P. 72(b)(3). To obtain this de novo review, an objecting party "must point out the specific portions of the [R&R]" to which objection is made. Sleepy's LLC v. Select Comfort Wholesale Corp., 222 F. Supp. 3d 169, 174 (E.D.N.Y.

---

[1] See infra n.5.

2016); see also Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [R&R]."). If a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the [R&R] only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (citations omitted); see also Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) (holding that plaintiff's objection to an R&R was "not specific enough" to "constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)").

III. APPLICATION

A. Liability

As set forth above, Plaintiff objects to the R&R's recommendation that the court find the Defendant Establishment, but not the Individual Defendants, liable. For the following reasons, the court OVERRULES Plaintiff's objection on this ground and GRANTS default judgment with respect to the Defendant Establishment only.

1. The Communications Act of 1934

Section 605(a) of the Act provides, in relevant part, that "[n]o person not being authorized by the sender shall intercept any radio communication and divulge or publish the . . . contents . . . of such intercepted communications to any person." If Plaintiff successfully alleges that the Defendant Establishment violated Section 605, then Plaintiff may seek to impose liability on the Individual Defendants under the theories of "vicarious liability" or "contributory infringement." Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc., 118 F.3d 955, 971 (2d Cir. 1997). Vicarious liability arises when a defendant had a "right and ability to supervise that coalesced with an obvious and direct financial interest." Id. (alterations adopted) (quoting Shapiro, Bernstein & Co. v. H.L. Green Co., 316 F.2d 304, 307 (2d Cir. 1963)). Contributory

infringement arises when a defendant "authorized" the violations. Id. (citing Sony Corp. v. Universal City Studios, Inc., 464 U.S. 417, 437 (1984)).

2. The Defendant Establishment

Finding no clear error in the R&R's recommendation as to the Defendant Establishment's liability, the court grants Plaintiff's motion for default judgment with respect to the Defendant Establishment.

3. The Individual Defendants

Plaintiff also seeks to hold the Individual Defendants liable under Section 605 in their capacities as officers, directors, shareholders, or principals of the Defendant Establishment. (See Compl. ¶ 16.) The R&R is correct that Plaintiff makes no allegation of contributory liability, proceeding instead under a theory of vicarious liability. (See R&R at 5.) The court finds that Plaintiff has failed to establish that either of the Individual Defendants should be held vicariously liable.

The Supreme Court has stated that a "formulaic recitation of the elements of a cause of action" is insufficient to establish a prima facie case. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Here, Plaintiff makes boilerplate allegations that both Individual Defendants "had a right and ability to supervise the infringing activities" and "an obvious and direct financial interest in the exploitation of the copyrighted materials." (Compl. ¶¶ 5, 16.) These generic assertions do not establish that either of the Individual Defendants "was positioned to supervise the infringing broadcast, or directly participated in, authorized, or had knowledge of the violation." J & J Sports Prods., Inc. v. Monte Limar Sports Bar Inc., No. 15-CV-3771 (ILG), 2017 WL 933079, at *3 (E.D.N.Y. Mar. 8,

2017). The court cannot conclude on the basis of these allegations that the Individual Defendants can be held vicariously liable.

The complaint further alleges that the Individual Defendants are listed as the principals of Crazy Willy's on the liquor license on file with the New York State Liquor Authority. (Compl. ¶ 16.) The court need not decide whether this allegation sufficiently establishes a "right and ability to supervise the infringing activities" because Plaintiff has failed to satisfy the second prong of the test for vicarious liability: an "obvious and direct financial interest." See J & J Sports Prods., Inc. v. LX Food Grocery, Inc., No. 15-CV-6505 (NGG), 2016 WL 6905946, at *3 (E.D.N.Y. Nov. 23, 2016).

When courts in the Second Circuit have imposed vicarious liability under similar circumstances as in the instant case, the plaintiff has shown either "direct or strong indirect evidence of financial gain from the unauthorized broadcast." Monte Limar, 2017 WL 933079, at *3 (citing LX Food Grocery, 2016 WL 6905946, at *3). Direct financial gain has been shown when the establishment accepted a cover charge or an admission fee on the night of the broadcast. LX Food Grocery, 2016 WL 6905946, at *3; see, e.g., J & J Sports Prod., Inc. v. McAdam, No. 14-CV-5461 (PKC), 2015 WL 8483362, at *5 (E.D.N.Y. Dec. 9, 2015) ($20 cover charge); J & J Sports Prods., Inc. v. 1400 Forest Ave. Rest. Corp., No. 13-CV-4299 (FB), 2014 WL 4467774, at *2 (E.D.N.Y. Sept. 9, 2014) ($8 cover charge). In other cases, strong indirect evidence of financial gain has been shown when the bar hosted a large number of patrons, "who would presumably purchase drinks during the broadcast." LX Food Grocery, 2016 WL 6905946, at *3; see, e.g., McAdam, 2015 WL 8483362, at *3 (100 patrons); J & J Sports Prods., Inc. v. Tellez, No. 11-CV-2823 (SMG), 2011 WL 6371521, at *2-3 (E.D.N.Y.

7

Dec. 20, 2011) (85 patrons). But see Monte Limar, 2017 WL 933079, at *3 (rejecting a claim of indirect financial gain despite the presence of 100 patrons).

Plaintiff does not allege that the Defendant Establishment collected a cover charge. Plaintiff's auditor counted 25 patrons present at the Defendant Establishment during the Event (see Mem. at 3), but this assertion is insufficient to establish the Individual Defendants' financial gain. Plaintiff does not specify whether those patrons made any purchases, how this number compares to the number of patrons at the Defendant Establishment on a typical night, or how many of these patrons were actually watching the Event. See J & J Sports Prods., Inc. v. Classico Bar Inc., No. 16-CV-5639 (ADS), 2018 WL 1168582, at *4 (E.D.N.Y. Mar. 6, 2018). In Classico Bar, the district court confronted a situation very similar to the instant allegations: Plaintiff asserted that 25 patrons were at the defendant establishment during the event in question, but made no specific allegations of financial interest by any individual beyond a "formulaic recitation of the elements of a cause of action." Id. at *1, *3-4 (quoting Iqbal, 556 U.S. at 678). Just as the plaintiff's allegations were insufficient to support individual liability in Classico Bar given the lack of supporting information establishing financial gain, so too is that the case here. Plaintiff's only response is to claim that its investigator was present at the Defendant Establishment "during an undercard bout, and there is a reasonable inference that the patronage would have increased leading up to the main event between Saul Alvarez and Alfred Angulo." (Pl. Objs. at 6.) But this assertion, even if true, does not address the lack of well-pleaded allegations necessary to support individual liability in this case. Insofar as Plaintiff attempts to use the presence of the Individual Defendants' names on the Defendant Establishment's liquor license to show their financial gain, the court rejects such an argument.

8

See J&J Sports Prods., Inc. v. 88-18 Tropical Rest. Corp., No. 17-CV-2620 (DLI), 2018 WL 1701942, at *4 (E.D.N.Y. Mar. 30, 2018).

**B.     Damages**

Plaintiff also objects to the R&R's recommendation that the court award Defendant $1373.75 in statutory damages and a $1373.75 enhancement. For the following reasons, the court OVERRULES Plaintiff's objection on this ground and AWARDS damages in accordance with the recommendation of the R&R.

1.     <u>Statutory Damages</u>

Where, as here, a violation of Section 605 has occurred, a plaintiff is entitled to elect statutory or actual damages. 47 U.S.C. § 605(e)(3)(C)(i). In this instance, Plaintiff seeks statutory damages. (See Mem. at 9.)

As Judge Levy correctly set out, under Section 605, a plaintiff "may recover an award of statutory damages for <u>each</u> violation of subsection (a) of this section . . . in a sum of not less than $1,000 or more than $10,000, as the court considers just." § 605(e)(3)(C)(i)(II) (emphasis added). (See R&R at 7.) "[M]ost cases applying this statute in a commercial context have interpreted the showing of an event on a single night as one violation." J & J Sports Prods., Inc. v. Potions Bar & Lounge, Inc., No. 08-CV-1825 (FB), 2009 WL 763624, at *5 (E.D.N.Y. Mar. 23, 2009).

Judge Levy also correctly noted that the determination of statutory damages is "in the sound discretion of the court." LX Food Grocery, 2016 WL 6905946, at *4. (See R&R at 7.) Courts in the Second Circuit typically use either the "flat-fee" method or the "per-person" method to determine statutory damages under Section 605(e)(C)(i)(II), with the higher of the two amounts typically used for the award. (R&R at 7.) "Under the 'flat[-]fee' method, the court

calculates the amount that defendants would have paid in exchange for the right to show the Event legally—in this case, Plaintiff's licensing fee." LX Food Grocery, 2016 WL 6905946, at *4. "Under the 'per-person' method, damages are equal to the amount an individual consumer would have paid to view the Event pay-per-view, multiplied by the number of consumers who watched the illegally transmitted Event." Id.

The R&R used the per-person method to award Plaintiff $1373.75 in statutory damages. (R&R at 7.) The R&R's calculation was intended to "compensate [P]laintiff for the fees the [25] patrons would have paid to view the event at home," using the typical rate for calculation of statutory damages in cases such as this one. (Id. at 7 & n.2.) The R&R recommended that the court reject Plaintiff's requested statutory damages of $2573.75, which would have included the $1373.75 figure plus the $1200.00 that the Defendant Establishment would have had to pay to sublicense the event, on the grounds that this request would have awarded Plaintiff damages under both the flat-fee and per-person methods, rather than just the higher of the two. (Id. at 7-8.) Plaintiff objects to Judge Levy's recommendation. (Pl. Objs. at 7-9.)

Plaintiff's objection is wholly without merit. Plaintiff misreads the R&R, claiming that Judge Levy's recommendation "was based on the actual cost of the licensing fee." (Pl. Objs. at 7.) This assertion is plainly wrong—as set forth above, the R&R based its recommended damages amount of $1373.75 on the per-person method, i.e., the number of patrons multiplied by a residential fee. (R&R at 7; cf. Pl. Objs. at 7 n.1 (claiming incorrectly that Judge Levy did not use the per-person method).) Meanwhile, Plaintiff's only argument for awarding the full measure of requested statutory damages is that its $2573.75 figure—which, again, is simply based on a combination of the flat-fee and per-person calculations—would be "less than 3x the licensing fee." (Pl. Objs. at 8.) This argument is unconvincing. Contrary to Plaintiff's

10

objection, courts do not typically award damages based on more than one method. Cf., e.g., J & J Sports Prods., Inc. v. Shots Pool Hall, Inc., No. 16-CV-5067 (RRM) (SMG), 2018 WL 1115915, at *3-4 (E.D.N.Y. Feb. 6, 2018), R&R adopted, 2018 WL 1116551 (E.D.N.Y. Feb. 27, 2018). Given the lack of any convincing argument as to why the court should, in its discretion, award Plaintiff his requested amount, the court overrules Plaintiff's objection.

Before adopting the R&R's calculation of statutory damages in full, however, the court must find that the R&R's use of the per-person method was not clear error.[2] Courts routinely apply the per-person method for calculating statutory damages in cases brought under Section 605. See, e.g., Shots Pool Hall, 2018 WL 1115915, at *3 (collecting cases). Despite this regular practice, however, the court is uncomfortable with the continued adherence thereto. While statutory damages under Section 605 are only meant to "approximate" the plaintiff's lost profits, see Joe Hand Promotions, Inc. v. Zeller, No. 11-CV-3762 (NGG), 2014 WL 59979, at *5 (E.D.N.Y. Jan. 7, 2014), the court is not convinced that the per-person method results in any rational approximation. In a recent opinion, Judge Glasser decried the per-person method as based "on an unsupported, speculative and questionable assumption that, had each of the unopposed [number of patrons] stayed at home, he or she would have paid the cable provider $54.95 to view the bout." Monte Limar, 2017 WL 933079, at *4; see J & J Sports Prods., Inc. v. El Sonador Café Rest. Inc., No. 17-CV-3357 (ILG), 2017 WL 6397731, at *4 (E.D.N.Y. Dec. 14, 2017). The court agrees with Judge Glasser's characterization. Previously in the instant opinion, the court noted that the number of patrons is not the beginning and end of the

---

[2] Although Plaintiff confusingly objects to the per-person method, its objection is on the ground that the per-person rate would undercompensate relative to the flat-fee method. (See Pl. Objs. at 7 n.1.) Here, application of the per-person method results in a higher award than the flat-fee method. (See R&R at 7.) Nevertheless, the court does not consider Plaintiff to have registered a sufficiently particular objection to how the R&R actually used the per-person method, so the court reviews this section of the R&R for clear error.

individual-liability inquiry, and that such a showing is, in any event, insufficient in this case because "Plaintiff does not specify whether those patrons made any purchases, how this number compares to the number of patrons at the Defendant Establishment on a typical night, or how many of these patrons were actually watching the Event." See supra p.7. These objections to meaningful use of the number of patrons remain true in the context of damages, the only difference being the greater body of precedent adhering to the per-person method. But the court need not countenance this "slavish obedience to stare decisis," see Monte Limar, 2017 WL 933079, at *4, especially where the Second Circuit has not weighed in on the matter.

Nevertheless, the court cannot conclude that Judge Levy's use of the per-person method was clear error. The body of law staunchly opposing use of the per-person method is small, the arguments in favor of its application are not so outside the bounds of plausibility as to be clearly incorrect, and the difference between the per-person and flat-fee methods in this case is rather minimal.[3] Given that, in reviewing the magistrate judge's R&R, this court must put "a serious thumb on the scale" in favor of adoption of those parts of the R&R to which no objection is made, see U.S. Bank Nat'l Ass'n ex rel. CWCapital Asset Mgmt. LLC v. Vill. at Lakeridge, LLC, 138 S. Ct. 960, 966 (2018), the court is unable to conclude that it was clearly erroneous for Judge Levy to use the per-person method. The court will leave the instant recommendation of statutory damages in place, while reserving the right to revisit the question of whether continued uncritical use of the per-person method amounts to clear error.[4]

---

[3] Compare this case with Monte Limar, in which the court found that the per-person method would be inappropriate in part because "the per-person method yields an amount more than double that yielded under the flat-fee method, respectively $5,495.00 and $2,200.00." 2017 WL 933079, at *4. Here, the difference between the two is $173.75.

[4] The court's opinion should not be construed as endorsing any other method of calculating damages, including the flat-fee method.

2. Enhanced Damages

The court, "in its discretion[,] may increase the award of damages . . . by an amount of not more than $100,000 for each violation," if "the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii). (See Mem. at 8.) Here, Plaintiff requests treble damages.[5] (Id.)

The R&R found that the Defendant Establishment acted willfully, as demonstrated by the fact that it "showed the Event without authorization." (Id.) The R&R then set forth the factors that courts generally use "in determining whether a defendant's willful conduct justifies awarding enhanced damages, including: (1) repeated violations over an extended period of time; (2) substantial unlawful monetary gains; (3) significant actual damages to the plaintiff; (4) advertising the broadcast; and (5) charging an admission fee or premiums for fare." (Id. (citing J & J Sports Prods., Inc. v. Chulitas Enter. Corp., No. 12-CV-3177 (JS), 2014 WL 917262, at *5 (E.D.N.Y. Mar. 10, 2014)).) After weighing these factors, the court recommended awarding Plaintiff $1373.75—an amount equal to the statutory damages—in enhanced damages. (Id. at 9.) Plaintiff does not object to the legal standards set forth, but reiterates its desire for "a 3x multiplier as enhanced statutory damages." (Pl. Objs. at 9.)

The court disagrees with Plaintiff. The imposition of enhanced damages is a highly fact-specific inquiry, and courts have great leeway in determining a reasonable outcome. See J & J Sports Prods., Inc. v. Afrikan Poetry Theatre Inc., No. 17-CV-2196 (ARR) (CLP), 2018 WL 2078482, at *7-8 (E.D.N.Y. Feb. 27, 2018), R&R adopted, 2018 WL 1725692 (E.D.N.Y. Apr. 10, 2018). Given the lack of "particularly severe" conduct on the part of the Defendant

---

[5] While Plaintiff claims in its objections that it is entitled to treble damages, the motion for default judgment seemingly seeks an enhanced damages award of only double the statutory damages. (Compare Pl. Objs. at 9 (requesting a "3x multiplier"), with Mem. at 17 (requesting $2573.75 in statutory damages and $7721.25 in total damages, i.e., enhanced damages of twice the statutory damages).)

13

Establishment, treble damages would be inappropriate in this case. Cf. LX Food Grocery, 2016 WL 6905946, at *5 (declining to award any enhanced damages where the defendant's conduct did not "so depart[] from the norm that standard statutory damages are inadequate"). While the Defendant Establishment did act willfully, an award of enhanced damages equal to statutory damages is reasonable given that "Plaintiff does not allege that Crazy Willy's has repeatedly broadcast events without authorization, or that it advertised the unauthorized broadcast of the Event or charged a cover." (R&R at 9.) Cf. J & J Sports Prods., Inc. v. LDG Williams, LLC, No. 11-CV-2145 (KAM), 2011 WL 5402031, at *5 (E.D.N.Y. Nov. 7, 2011) (awarding enhanced damages equal to statutory damages in the case of a willful violation).

### 3. Costs and Interest

Finally, the R&R recommended awarding Plaintiff "$505 in costs and disbursements, representing the $400 filing fee and $105 for service of process." (R&R at 9.) The R&R also recommended denying Plaintiff's request for pre-judgment interest. (Id. at 10.) Plaintiff does not object to either of these findings. Finding no clear error in either recommendation, the court grants Plaintiff's request for $505 in costs and fees.

## IV. CONCLUSION

The court ADOPTS IN FULL the R&R (Dkt. 22) and GRANTS IN PART and DENIES IN PART Plaintiff's motion for default judgment (Dkt. 16). The court GRANTS Plaintiff's motion for default judgment against Defendant Crazy Willy's Bar, Lounge & Restaurant, Inc., and DENIES Plaintiff's motion for default judgment against Defendants Gildalina Garcia and Kathleen D. Jimoh. The court AWARDS Plaintiff $3252.50 in damages, consisting of $1373.75 in statutory damages, $1373.75 in enhanced damages, and $505.00 in costs and fees. The Clerk of Court is respectfully DIRECTED to enter judgment and close this case.

SO ORDERED.

Dated: Brooklyn, New York
July 30, 2018

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge